### ALLAN NICHOLSON *v.* COMMISSIONER OF CORRECTION
### (AC 25672)

Lavery, C. J., and Schaller and Gruendel, Js.

Argued November 17, 2005—officially released January 10, 2006

*Salvatore C. Adamo*, special public defender, for the appellant (petitioner).

*Toni M. Smith-Rosario*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Eva B. Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVERY, C. J. The petitioner, Allan Nicholson, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was convicted, following separate jury trials, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3) and of being a persistent serious felony offender in violation of General Statutes (Rev. to 1999) § 53a-40 (b). The facts underlying his conviction are recounted in the decision disposing of his initial direct appeal to this court. See *State* v. *Nicholson*, 71 Conn. App. 585, 803 A.2d 391, cert. denied, 261 Conn. 941, 808 A.2d 1134 (2002). In that appeal, we concluded that the evidence presented at the petitioner's trial was insufficient to support his conviction of robbery in the first degree. Id., 589–92. Consequently, we reversed the judgment as to that conviction and remanded the case to the trial court with direction to render judgment of conviction of robbery in the third degree in violation of General Statues § 53a-136, a lesser included offense that the jury necessarily had found the petitioner to have committed, and to resentence the petitioner accordingly. Id., 592. On remand, the peti-

tioner's sentence was reduced from twenty-five years to ten years imprisonment. In the petitioner's second direct appeal, that resentencing was upheld. See *State v. Nicholson*, 83 Conn. App. 439, 850 A.2d 1089, cert. denied, 271 Conn. 906, 859 A.2d 565 (2004), cert. denied, 543 U.S. 1162, 125 S. Ct. 1327, 161 L. Ed. 2d 134 (2005).

In January, 2003, the petitioner filed an amended petition for writ of habeas corpus in which he alleged, inter alia, that he had received ineffective assistance of counsel at both the trial and appellate levels. He asserted eighteen instances of ineffectiveness relating to his trial counsel and six instances relating to his appellate counsel. Following a trial at which the petitioner and both of his counsel testified, the court, in a comprehensive memorandum of decision, denied all of the claims in the petition. The petitioner thereafter filed a petition for certification to appeal; see General Statutes § 52-470 (b); which the court denied. This appeal followed. On appeal, the petitioner presses a subset of the claims he raised in the proceedings at trial.[1]

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demon-

---

[1] Regarding his trial counsel, the petitioner claims that counsel was ineffective in failing to argue that all of the charges be dismissed due to insufficient evidence, by undertaking a tardy and inadequate investigation, and by conducting an inadequate cross-examination of the victim. Regarding his appellate counsel, the petitioner claims that counsel was ineffective in arguing for a remand and resentencing rather than for a reversal of the judgment and in failing to argue that the evidence was insufficient to support the conviction.

We note that the petitioner's appellate brief consists largely of broad statements of the general law governing habeas petitions and the matters asserted followed by conclusory statements attesting to the purported merit of his claims. More specific analysis detailing the applicability of relevant precedent to the particular facts and evidence is wholly absent.

strate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

"In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *James*, 64 Conn. App. 495, 499, 779 A.2d 1288 (2001), rev'd on other grounds, 261 Conn. 395, 802 A.2d 820 (2002). As to reversal on the merits, "[t]he standard of review of a habeas court's denial of a petition for a writ of habeas corpus that is based on a claim of ineffective assistance of counsel is well settled. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Ortiz* v. *Commissioner of Correction*, 92 Conn. App. 242, 243–44, 884 A.2d 441 (2005).

After our careful review of the record and briefs, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal. We are not convinced that the issues presented in this appeal are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions raised deserve encouragement to proceed further.[2] See

[2] Although the court denied the petition for certification to appeal because the grounds for appeal were identified only broadly as ineffectiveness of trial and appellate counsel, and they did not indicate which of the multitude of claims the petitioner intended to pursue on appeal, it is "axiomatic that [w]e may affirm a proper result of the [habeas] court for a different reason." (Internal quotation marks omitted.) *Florian* v. *Lenge*, 91 Conn. App. 268, 281, 880 A.2d 985 (2005). Moreover, the court's denial may be construed fairly as manifesting a conclusion that *none* of the issues raised in the petition met the criteria for certification articulated in *Simms* v. *Warden*, supra, 230 Conn. 616.

*Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 230 Conn. 616. Furthermore, no injustice is apparent.

The appeal is dismissed.

In this opinion the other judges concurred.

