## FRED GALLIMORE *v.* COMMISSIONER OF CORRECTION
### (AC 28935)

Bishop, DiPentima and Foti, Js.

Argued December 2, 2008—officially released February 3, 2009

*Erin M. Kallaugher*, special public defender, for the appellee (petitioner).

*Toni M. Smith-Rosario*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Fred Gallimore, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claims that his trial counsel rendered ineffective assistance. We dismiss the appeal.

The following facts and procedural history provide the necessary backdrop to the disposition of the petitioner's appeal. On June 1, 2002, the petitioner, along with Erin O'Connor, was arrested for assaulting and robbing Robert Schofield in the hallway of Schofield's

apartment building in New Haven after the couple followed him there from a local convenience store. Schofield, who was seventy-four years old at the time, was pushed to the floor and injured during the robbery. His wallet, containing his identification and automated teller machine card, was taken. Schofield identified both O'Connor and the petitioner prior to their arrest while the pair was in police custody. O'Connor and the petitioner, who were separated after their arrest, gave to the police investigating the incident essentially the same account of what had occurred. They each claimed, in essence, that the alleged robbery was in actuality an altercation resulting from a dispute between O'Connor and Schofield involving the fee for sexual services. They alleged that Schofield physically accosted O'Connor after an agreed on price could not be reached and that the petitioner, who was waiting outside Schofield's apartment building in a car, merely, and in response to O'Connor's plea for help, separated the two.[1] O'Connor, however, gave a different account at the petitioner's trial when she testified for the state. At the petitioner's trial, her testimony basically was identical to that of Schofield—that the pair robbed and assaulted Schofield in the hallway of his apartment building, pushing him to the floor and taking his wallet from his pants pocket.

After the jury trial, the petitioner was convicted of robbery in the second degree in violation of General Statutes § 53a-135 (a) (1), conspiracy to commit larceny in the second degree in violation of General Statutes §§ 53a-48 and 53a-123 (a) (3), and assault in the third degree of a person older than sixty years in violation of General Statutes § 53a-61a (a) (1). The petitioner was sentenced to an effective term of fifteen years of

---

[1] O'Connor gave a signed statement to New Haven police indicating this version of events. She also testified as to this version of events at the petitioner's violation of probation hearing.

incarceration.[2] The petitioner filed a direct appeal with this court. His appellate counsel, however, was permitted to withdraw after filing an *Anders* brief.[3] The appeal was dismissed on June 2, 2005, because the petitioner, proceeding pro se, failed to file a brief with this court. The petitioner subsequently brought this petition for a writ of habeas corpus. In his second amended petition, the petitioner asserted several claims of ineffective assistance of trial counsel. In a memorandum of decision, the habeas court denied the petition, finding as to his ineffective assistance of trial counsel claims that the petitioner had failed to prove that he was denied effective assistance of counsel under the two-pronged test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).[4] The court denied the petitioner's request for certification to appeal. The petitioner, on appeal, pursues three of the issues he raised in his petition.[5] The petitioner claims that trial counsel provided ineffective assistance by failing to cross-examine O'Connor properly, by failing to apprise

[2] This sentence was to run concurrently with a three year sentence that the petitioner was serving for a violation of probation. The substance of the violation of probation sentence was the underlying incidents to his criminal conviction. That sentence, however, was not part of the habeas trial and is, therefore, not part of this appeal.

[3] *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] "Under [the *Strickland*] test, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both deficient performance and actual prejudice. The first prong is satisfied by proving that counsel made errors so serious that he was not functioning as the 'counsel' guaranteed by the sixth amendment. The second prong is satisfied if it is demonstrated that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Russell* v. *Commissioner of Correction*, 49 Conn. App. 52, 53, 712 A.2d 978, cert. denied, 247 Conn. 916, 722 A.2d 807 (1998), cert. denied sub nom. *Russell* v. *Armstrong*, 525 U.S. 1161, 119 S. Ct. 1073, 143 L. Ed. 2d 76 (1999).

[5] The petitioner raised a fourth claim in his brief to this court involving ineffective assistance of counsel during the postconviction, presentencing phase of his trial; however, the petitioner abandoned this claim at oral argument.

the petitioner of plea offers from the state and by failing to investigate to prepare a defense.

Preliminarily, we set forth the proper standard of review and applicable legal principles that govern our resolution of these issues. "In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Guadalupe* v. *Commissioner of Correction*, 83 Conn. App. 180, 182, 849 A.2d 883, cert. denied, 270 Conn. 911, 853 A.2d 525 (2004). Furthermore, "[i]n a habeas corpus

proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . *but by demonstrable realities*." (Emphasis added; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 599, 940 A.2d 789 (2008).

We first address the petitioner's claim that the court improperly concluded that he failed to demonstrate that his trial counsel provided him with ineffective assistance by failing to cross-examine O'Connor properly. The petitioner argues that his trial counsel, Shepard Sherwood, failed to impeach O'Connor effectively in a number of ways. Chief among those was that counsel failed to cross-examine her as to possible favorable treatment from the state as a result of her testimony at the petitioner's trial and potential perjury charges lodged against her for her previous testimony and also about her history of drug use and criminal behavior. At the habeas trial, however, Sherwood testified that his strategy was not to impeach O'Connor at all in an attempt to convince the jury that her previous signed statement and testimony in which she indicated that no robbery had occurred was the truth. Sherwood's tactic was to portray her as angry and resentful of being incarcerated and that the change in her story was a result of her anger and resentment. "An attorney's line of questioning on examination of a witness clearly is tactical in nature. [As such, this] court will not, in hindsight, second-guess counsel's trial strategy." *State* v. *Drakeford*, 63 Conn. App. 419, 427, 777 A.2d 202 (2001), aff'd, 261 Conn. 420, 802 A.2d 844 (2002). After reviewing the record, we conclude that the court did not abuse its discretion in determining that the petitioner failed to meet his burden of showing that Sherwood was deficient in his cross-examination of O'Connor.

The petitioner's second claim on appeal involves Sherwood's failing to apprise him of plea offers from the state. The petitioner claims that he was prejudiced because Sherwood failed to explain to him fully, in terms that he could comprehend, the plea deal offered by the state. The petitioner also claims that there were actually two plea offers and that Sherwood never divulged the second offer to him and failed to explain the other fully. Sherwood testified that there was only one plea offer and that the petitioner flatly rejected it after Sherwood apprised him of it. The court made no specific finding in this regard; however, it stated that the petitioner "failed to introduce evidence in [the] habeas trial that supported any of the points [he raised]." After reviewing the record, we conclude that the court did not abuse its discretion in this determination.

The last claim on appeal involves the contention that Sherwood was ineffective for failing to investigate to prepare a defense. Specifically, the petitioner claims that Sherwood failed to find and interview Richard True, a potential exculpatory witness who apparently was living with O'Connor at the time of the petitioner's arrest. "[A]lthough it is incumbent on a trial counsel to conduct a prompt investigation of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction . . . counsel need not track down each and every lead or personally investigate every evidentiary possibility." (Internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, supra, 285 Conn. 598–99. True died sometime after the petitioner's trial and, therefore, did not testify at the habeas trial. As a result, we cannot say that the court abused its discretion in determining that the petitioner failed to meet his burden of proving ineffective assistance of trial counsel in this regard.

The court, after considering all of the evidence presented, concluded that the petitioner had not been deprived of the effective assistance of counsel in any respect at any stage of the proceedings. Furthermore, the court's findings are supported by the evidence in the record. We conclude that the court's analysis is sound. Moreover, our thorough review of the issues raised by the petitioner and the court's resolution of those issues leads us to conclude that the petitioner has not demonstrated that further review is warranted. The court concluded properly that the petitioner failed to show that Sherwood's representation was deficient. The record does not reveal any errors made by trial counsel that deprived the petitioner of his right to effective representation. Considering the record in light of *Strickland*, we cannot conclude that the issues in this case are debatable among jurists of reason, that they could have been resolved in a different manner or that they raise any question deserving of further examination. See *Simms* v. *Warden*, supra, 230 Conn. 616. We therefore conclude that the court's denial of the petition for certification to appeal reflected a sound exercise of discretion.

The appeal is dismissed.