## CYRUS GRIFFIN *v.* COMMISSIONER OF CORRECTION
### (AC 30369)

Bishop, Gruendel and Beach, Js.

Argued December 7, 2009—officially released February 2, 2010

*Jon D. Golas*, special public defender, for the appellant (petitioner).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Cyrus Griffin, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his third amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that his trial counsel rendered ineffective assistance. The petitioner

asserts that his trial counsel rendered ineffective assistance by failing to pursue a claim that his *Miranda*[1] rights were violated when the police interrogated him without his attorney present after he requested that he be represented by counsel. More specifically, the petitioner argues that his trial counsel was ineffective because he did not call as witnesses Hazel Griffin,[2] Leland Griffin or the petitioner[3] to testify that he requested an attorney at the beginning of the interrogation. We dismiss the appeal.

A jury found the petitioner guilty of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a (a) and carrying a pistol without a permit in violation of General Statutes § 29-35. On August 31, 2001, the court imposed a total effective sentence of forty years incarceration, execution suspended after thirty years, and probation. The petitioner appealed to this court from the judgment of conviction, which we affirmed. *State* v. *Griffin*, 77 Conn. App. 424, 823 A.2d 419 (2003), aff'd, 273 Conn. 266, 869 A.2d 640 (2005).

On April 7, 2008, the petitioner filed with the court a third amended petition for a writ of habeas corpus. A trial was held in the matter on September 11, 2008. The court heard testimony from the petitioner, his trial counsel, Hazel Griffin and Leroy Dease, a New Haven police detective who interviewed the petitioner in the interrogation at issue. The petitioner and Hazel Griffin testified that the petitioner requested an attorney during

---

[1] *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[2] Hazel Griffin is described by the parties to be the petitioner's adoptive mother, grandmother and legal guardian.

[3] The petitioner's claim that trial counsel failed to call the petitioner as a witness at the suppression hearing is unpreserved and not reviewable because this claim was neither raised in the third amended habeas petition nor ruled on by the habeas court. See *Brown* v. *Commissioner of Correction*, 104 Conn. App. 144, 149, 931 A.2d 963, cert. denied, 284 Conn. 937, 937 A.2d 693 (2007).

the interrogation, but neither the petitioner nor Hazel Griffin was able to testify specifically that the petitioner requested an attorney prior to making his confession. The petitioner's trial counsel testified that he investigated the petitioner's claim that he requested an attorney during the interrogation but subsequently decided not to pursue this claim during the suppression hearing because he believed that it would not be successful. The court issued its oral decision and a signed transcript dated September 11, 2008, denying the petition for habeas corpus and subsequently denied certification to appeal. The court explicitly stated that it did not find the petitioner's assertion that he requested a lawyer during the interrogation to be credible. By implication, the court also found that Hazel Griffin's testimony that the petitioner requested an attorney was not credible. The court found that the petitioner's trial counsel's strategy not to pursue the petitioner's claim was tactically justified and, therefore, was not objectively unreasonable. This appeal followed.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then

prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Gallimore* v. *Commissioner of Correction*, 112 Conn. App. 478, 481, 963 A.2d 653 (2009). "To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." *Morant* v. *Commissioner of Correction*, 117 Conn. App. 279, 301, 979 A.2d 507, cert. denied, 294 Conn. 906, 982 A.2d 1080 (2009), citing *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Furthermore, "[i]n a habeas corpus proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . *but by demonstrable realities.*" (Emphasis added; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 599, 940 A.2d 789 (2008).

On the basis of our review of the record, we conclude that the court properly determined that trial counsel's strategy was reasonable under the circumstances. The petitioner failed to satisfy the first prong of *Strickland.* The court found that there was no credible evidence that counsel's performance was deficient. We also conclude that even had the petitioner managed to overcome that hurdle, there is no evidence that the petitioner was, in any way, prejudiced by trial counsel's performance. Neither the petitioner's testimony nor that of Hazel Griffin provided a reliable basis for a determination that the petitioner requested an attorney at the outset of the interrogation. There is, therefore, no reasonable

probability that the outcome of the hearing on the motion to suppress would have been different. The petitioner's claim, therefore, fails on both prongs of the *Strickland* test.

We conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden,* supra, 230 Conn. 616. The court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.