CLAUDE L. PERRY *v.* COMMISSIONER
OF CORRECTION
(AC 31764)

DiPentima, C. J., and Bishop and Dupont, Js.

Argued September 8—officially released October 11, 2011

*Daniel C. Ford,* special public defender, for the appellant (petitioner).

*Nancy L. Chupak,* senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor,* state's attorney, and *Angela R. Macchiarulo,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Claude L. Perry, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and that he is entitled to habeas relief because

the court improperly (1) ruled from the bench in the absence of his counsel and (2) rejected his claim that his trial counsel had provided ineffective assistance. We dismiss the appeal.

The following facts and procedural history are relevant to the petitioner's appeal. On May 10, 2005, after a jury trial, the petitioner was convicted of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (1). He was sentenced to a total effective term of twenty-three years of imprisonment, ten of which were mandatory, followed by ten years of special parole. This court affirmed his conviction. *State* v. *Perry*, 108 Conn. App. 788, 790, 949 A.2d 537, cert. denied, 289 Conn. 912, 957 A.2d 881 (2008).

On September 16, 2009, the petitioner filed an amended petition for a writ of habeas corpus alleging the ineffective assistance of trial counsel.[1] After an evidentiary hearing, the court recessed after which it resumed the bench and orally denied the petition on the record[2] in the absence of the petitioner's counsel.[3] Thereafter, the petitioner requested certification to

---

[1] In his amended petition, the petitioner claimed that trial counsel's performance was deficient in that counsel failed to (1) investigate the allegations properly, (2) present DNA evidence despite the petitioner's requests, (3) retrieve the petitioner's medical records documenting his own wounds, (4) introduce "pictures" of the petitioner's wounds allegedly taken contemporaneously with the assault and (5) present corroborating evidence of the petitioner's claim that he was injured. On appeal, however, the only issue raised by the petitioner regarding trial counsel's performance is the claim regarding potential DNA evidence.

[2] The court noted on the record that any appeal period would be tolled until the petitioner's trial counsel received the transcripts of the oral ruling. The court also explained to the petitioner that the ruling did not provide an opportunity for counsel to comment.

[3] Although it is not abundantly clear from the record, it appears that the petitioner's counsel left the courtroom with the impression that the court would later issue a written memorandum of decision.

appeal from the judgment of the habeas court denying the petition for a writ of habeas corpus. In his petition for certification, rather than setting forth any basis for his petition, the petitioner cited his application for waiver of fees, costs and expenses and appointment of counsel on appeal. In that application, in turn, the petitioner set forth the following as the basis for his appeal: "No DNA was done or brought to my hearing on the habeas corpus to help me prove my case." On November 23, 2009, the court denied the petition for certification to appeal. This appeal followed.

We first set forth the standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion." (Internal quotation marks omitted.) *Petaway* v. *Commissioner of Correction*, 49 Conn. App. 75, 77, 712 A.2d 992 (1998). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Griffin* v. *Commissioner of Correction*, 119 Conn. App. 239, 242, 987 A.2d 1037, cert. denied, 295 Conn. 912, 989 A.2d 1074 (2010). "Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits." *Petaway* v. *Commissioner of Correction*, supra, 77.

"In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . As to reversal on the merits, [t]he standard of review of a habeas court's denial of a petition for a writ of habeas corpus that is based on a claim of ineffective assistance of counsel is well settled. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner generally must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." (Citation omitted; internal quotation marks omitted.) *Nicholson* v. *Commissioner of Correction*, 93 Conn. App. 116, 119, 887 A.2d 963, cert. denied, 277 Conn. 926, 895 A.2d 799 (2006).

The petitioner first claims that the court improperly issued its decision from the bench in the absence of his counsel, violating his due process right to counsel. We decline to review this claim because the petitioner failed to raise it in his petition for certification to appeal, or in his statement of grounds for appeal in his application for waiver of fees, costs and expenses and appointment of counsel on appeal. Practice Book § 63-7; General Statutes § 52-470.

This court has determined that a petitioner cannot demonstrate that the habeas court abused its discretion in denying a petition for certification to appeal if the issue that the petitioner later raises on appeal was never presented to, or decided by, the habeas court. See *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 752–53, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011). Under such circumstances, a review of the petitioner's claims "would amount to an ambuscade of the [habeas] judge." (Internal quotation

marks omitted.) *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 7, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002). Because the petitioner failed to raise this claim in his petition for certification to appeal or in his application for waiver of fees, costs and expenses and appointment of counsel on appeal, we decline to afford it review.[4]

The petitioner also claims that the habeas court improperly concluded that he was not deprived of effective assistance when his trial counsel declined to have evidence tested for the presence of the petitioner's DNA. Specifically, the petitioner claims that DNA analysis would have revealed that his blood was amongst the victim's blood at the alleged crime scene, bolstering his self-defense argument. Trial counsel testified, however, that he decided not to seek DNA analysis of blood found at the alleged crime scene because of his belief, based on all of the available evidence, that the defense would be better served by arguing that the state had failed to secure DNA evidence. It was trial counsel's concern, based on the available evidence, that a DNA analysis would likely demonstrate that the great quantity of blood at the crime scene was the victim's, thus providing forensic proof of the brutality of the alleged assault. The habeas court found that trial counsel's decision not to test the evidence for the presence of the petitioner's DNA was a matter of sound trial strategy, made on the basis of the physical evidence and a witness' testimony that the victim was covered in a considerable amount of blood when he discovered her on the

[4] Although we decline to reach the claim presented by the petitioner on appeal regarding the court's issuance of its decision when his counsel was not present in court, our response to this claim should not be taken as tacitly embracing the propriety of the court's procedure in this regard. As a matter of fairness and to encourage confidence in the administration of justice, it would be preferable for the court to ensure that all parties and counsel are present in the courtroom for the recitation of the court's judgment following an evidentiary hearing.

street. Accordingly, the court properly found that the petitioner failed to establish that trial counsel's performance was ineffective.

After a thorough review of the record and briefs, we conclude that the petitioner has failed to demonstrate that the issue presented in this appeal is debatable among jurists of reason, that a court could resolve it in a different manner or that the question raised deserves encouragement to proceed further. See *Griffin* v. *Commissioner of Correction,* supra, 119 Conn. App. 242. Therefore, we conclude that the petitioner has failed to establish that the court abused its discretion in denying the petition for certification to appeal.

The appeal is dismissed.