******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PAUL FINE *v.* COMMISSIONER OF CORRECTION
(AC 37457)

DiPentima, C. J., and Mullins and Bear, Js.

*Argued December 1, 2015—officially released February 9, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Oliver, J.)

*Robert T. Rimmer*, assigned counsel, for the appellant (petitioner).

*Lawrence J. Tytla*, supervisory assistant state's attorney, with whom, on the brief, was *Michael L. Regan*, state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. The petitioner, Paul Fine, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal the denial of his petition for a writ of habeas corpus, and (2) improperly determined that he received effective assistance of counsel with respect to his decision to plead guilty to murder in violation of General Statutes § 53a-54a and assault in the first degree in violation of General Statutes § 53a-59 (a) (1). We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to this appeal. On March 30, 1992, the petitioner pleaded guilty to murder and assault in the first degree. In connection with the petitioner's plea, the state recited the following facts. On April 8, 1991, the petitioner shot Steven O'Drain twice, causing fatal injuries. He then entered an apartment and shot Yvonne O'Drain in the leg in front of her two minor children. As a result, Yvonne O'Drain's leg was amputated below the knee. After determining the petitioner's plea to be knowing, intelligent and voluntary, the court accepted his plea. On June 9, 1992, the court sentenced the petitioner to fifty years incarceration.

The petitioner commenced this habeas action and filed his first amended petition on December 23, 2011. The petitioner alleged that he had received ineffective assistance of counsel from Attorney Gail Heller and "one or more successor attorneys." Specifically, he claimed that his plea was not knowing, intelligent and voluntary.

The respondent, the Commissioner of Correction, moved to dismiss the petition on the basis that the petitioner previously had withdrawn a prior petition with prejudice. See *Fine* v. *Commissioner of Correction*, 147 Conn. App. 136, 138, 81 A.3d 1209 (2013). The habeas court granted the respondent's motion. Id., 139. On appeal, we reversed the judgment of the habeas court and remanded the case for further proceedings. Id., 148. In accordance with our opinion, a trial occurred on October 28, 2014. In an oral ruling on November 3, 2014, the court denied the petition for a writ of habeas corpus.

In its decision, the habeas court found that Heller, a public defender, initially had represented the petitioner at his criminal trial. After the discovery of a conflict of interest, Richard Perry, a special public defender, replaced Heller as the petitioner's attorney. The habeas court further found that after several months of pretrial negotiations, the state offered and the defendant accepted a plea deal where the petitioner would plead guilty to murder and assault in the first degree and

receive a sentence of fifty years to serve. The habeas court rejected the petitioner's claim that he had been told that he would serve forty years incarceration. It found that his plea was "knowing and voluntary," and that there was no evidence that he had been forced to enter the plea. The court determined that there had been no deficient performance[1] by either Heller or Perry. Accordingly, it denied the petition for a writ of habeas corpus.

The petitioner filed a petition for certification to appeal on the ground that "it was an error of law for the court to find that ineffective assistance of standby counsel was not a claim for which habeas relief might be granted." The habeas court denied the petition for certification to appeal, and this appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *St. Louis* v. *Commissioner of Correction*, 161 Conn. App. 358, 362, A.3d (2015); see also *Castonguay* v. *Commissioner of Correction*, 300 Conn. 649, 657–58, 16 A.3d 676 (2011).

General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies." Our Supreme Court has explained that this

statute does not implicate the jurisdiction of a reviewing court; rather, it defines the scope of appellate review. *Simms* v. *Warden*, supra, 230 Conn. 614–15; see also *Foote* v. *Commissioner of Correction*, 151 Conn. App. 559, 564, 96 A.3d 587, cert. denied, 314 Conn. 929, 102 A.3d 709, cert. dismissed, 314 Conn. 929, 102 A.3d 709 (2014); *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 750, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011).

The petitioner raised the issue of the ineffective assistance of *standby counsel* in his petition for certification to appeal. The present case did not involve standby counsel; consequently, the petitioner's brief to this court does not address standby counsel. Conversely, the issue briefed by the petitioner, the alleged ineffectiveness of Perry with respect to his conduct during the plea negotiations, was not set forth in the petition for certification to appeal. We have stated that when a petitioner does not raise a specific claim in the petition for certification to appeal, we cannot conclude that the court abused its discretion in denying the petition for certification with respect to that claim. *Tutson* v. *Commissioner of Correction*, 144 Conn. App. 203, 216–17, 72 A.3d 1162, cert. denied, 310 Conn. 928, 78 A.3d 145 (2013); *Perry* v. *Commissioner of Correction*, 131 Conn. App. 792, 796–97, 28 A.3d 1015, cert. denied, 303 Conn. 913, 32 A.3d 966 (2011); *Mercado* v. *Commissioner of Correction*, 85 Conn. App. 869, 872, 860 A.2d 270 (2004), cert. denied, 273 Conn. 908, 870 A.2d 1079 (2005). Appellate review of a claim not set forth in the petition for certification to appeal "would amount to an ambuscade of the [habeas] judge." (Internal quotation marks omitted.) *Campbell* v. *Commissioner of Correction*, 132 Conn. App. 263, 267, 31 A.3d 1182 (2011). We therefore decline to review the arguments set forth in the petitioner's brief concerning Perry, who was not standby counsel.

At oral argument before this court, the petitioner's counsel argued that the inclusion of the word "standby" in the petition for certification to appeal constituted nothing more than a scrivener's error. Even if we were to assume arguendo that this was the case, we still would conclude that the court did not abuse its discretion in denying the petition for certification to appeal. The petitioner's claim is that he was told that he would serve only forty years in exchange for his guilty plea. The only evidence supporting this claim was the petitioner's own testimony, which the habeas court rejected. Because the court found his testimony not credible, this claim necessarily must fail. "[T]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of

witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 741, 937 A.2d 656 (2007); see *Couture* v. *Commissioner of Correction*, 160 Conn. App. 757, 770, 126 A.3d 585 (2015) (axiomatic that appellate court cannot retry facts or pass on credibility of witnesses). Put another way, "[i]t is well established that a reviewing court is not in the position to make credibility determinations." (Internal quotation marks omitted.) *Mahon* v. *Commissioner of Correction*, 157 Conn. App. 246, 256, 116 A.3d 331, cert. denied, 317 Conn. 917, 117 A.3d 855 (2015). As a result, we would conclude that this issue is not debatable among jurists of reason, that a court could not resolve the issue in a different manner or that the questions presented do not deserve encouragement to proceed further, and, therefore, the denial of certification to appeal would not constitute an abuse of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] "In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation mark omitted.) *St. Louis* v. *Commissioner of Correction*, 161 Conn. App. 358, 363, A.3d (2015). In cases where the petitioner has pleaded guilty, "to succeed on the prejudice prong, the petitioner must demonstrate that, but for counsel's alleged ineffective performance, the petitioner would not have pleaded guilty and would have proceeded to trial." *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 835, 950 A.2d 1220 (2008); see also *Carraway* v. *Commissioner of Correction*, 317 Conn. 594, 600 n.6, 119 A.3d 1153 (2015). In the present case, the habeas court did not reach the issue of prejudice.