STATE OF CONNECTICUT *v.* LARRY RIGGSBEE
(AC 29002)

Bishop, Gruendel and Borden, Js.

Argued November 20, 2008—officially released February 24, 2009

*Cameron R. Dorman,* special public defender, for the appellant (defendant).

*Bruce R. Lockwood,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Marc G. Ramia,* assistant state's attorney, for the appellee (state).

BISHOP, J. The defendant, Larry Riggsbee, appeals from the judgments of conviction, rendered after a trial to the court, of assault in the third degree in violation of General Statutes § 53a-61 and criminal violation of a protective order in violation of General Statutes § 53a-223 (a), and from the judgments of the trial court finding him in violation of probation pursuant to General Statutes § 53a-32. On appeal, the defendant claims that (1) the court improperly failed to consider, sua sponte, consent as a defense to criminal violation of a protective order and (2) the evidence was insufficient to disprove beyond a reasonable doubt that he acted in self-defense in regard to the charge of assault in the third degree. We affirm the judgments of the trial court.

The court reasonably could have found the following facts. The defendant was placed on probation on February 3, 2006, following his conviction of two counts of assault in the third degree. The convictions stemmed from prior incidents between the defendant and the victim, Willie Frazier.

On June 8, 2006, Officer Richard Larock responded to a domestic violence complaint in the area of the New Haven green. Larock observed that Frazier was visibly shaken and had a bleeding, swollen lip, scratches, and grass and blood stains on her pants. Frazier and the defendant both testified that the defendant pushed her several times, cutting her lip and causing her to fall to the ground. Frazier sought medical treatment for her injuries. The defendant was arrested and charged with assault in the third degree as a result of this incident.

On June 9, 2006, in conjunction with the defendant's arraignment on the assault charge from the previous day, the Superior Court issued a protective order against the defendant pursuant to General Statutes

§ 46b-38c (e)[1] and ordered him to refrain from (1) entering Frazier's dwelling, (2) having any contact in any manner with her and (3) coming within 100 yards of her.

On the evening of November 23, 2006, New Haven police were sent to Frazier's residence on the report of a domestic complaint. While there, Officer Francisco Ortiz located the defendant hiding in a bathroom closet. Upon discovering the defendant, Ortiz asked for his name so that he could perform a warrant check. The defendant gave Ortiz a false name. While the warrant check of the false name revealed no record, a record check regarding Frazier revealed that an active protective order had been issued against the defendant in a matter in which Frazier was the alleged victim. After Ortiz requested and obtained a description of the defendant, he determined that the description matched the man he had found in the closet. Ortiz then asked the defendant if he was Larry Riggsbee. The defendant acknowledged his identity and claimed that he had initially lied because he was aware of the protective order. The defendant was, thereafter, arrested and charged with violating the outstanding protective order.

On the basis of the June 8 and November 23 incidents, the state charged the defendant with two counts of violation of probation in violation of § 53a-32, one count

---

[1] General Statutes § 46b-38c (e) provides in relevant part: "A protective order issued under this section may include provisions necessary to protect the victim from threats, harassment, injury or intimidation by the defendant, including, but not limited to, an order enjoining the defendant from (1) imposing any restraint upon the person or liberty of the victim, (2) threatening, harassing, assaulting, molesting or sexually assaulting the victim, or (3) entering the family dwelling or the dwelling of the victim. Such order shall be made a condition of the bail or release of the defendant and shall contain the following language: 'In accordance with section 53a-223 of the Connecticut general statutes, *any violation of this order constitutes criminal violation of a protective order which is punishable by a term of imprisonment of not more than five years*, a fine of not more than five thousand dollars, or both. . . ." (Emphasis added.)

of assault in the third degree in violation of § 53a-61 and one count of criminal violation of a protective order in violation of § 53a-223. The defendant filed a motion for joinder of the charges, which was granted, and requested a court trial, which also was granted. On June 5, 2007, after a consolidated trial to the court, the defendant was found guilty on the charges of assault and violation of the protective order, and the court made a finding on both probation charges that he had violated his probation. The court sentenced the defendant to a total effective term of two and one-half years incarceration. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly failed to consider, sua sponte, consent as a defense to criminal violation of a protective order. The defendant concedes that he failed to preserve this claim at trial and seeks to prevail under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), or the plain error doctrine. See Practice Book § 60-5. The defendant's claim fails to satisfy *Golding*, and, therefore, he cannot prevail.

Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40.

In the present case, the defendant's claim fails under the first prong of *Golding* because the record is inadequate for review. "The defendant bears the responsibility for providing a record that is adequate for review

of his claim of constitutional error. If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the defendant's claim." (Internal quotation marks omitted.) *State* v. *Necaise*, 97 Conn. App. 214, 219, 904 A.2d 245, cert. denied, 280 Conn. 942, 912 A.2d 478 (2006). In this instance, we cannot discern from the record whether the court considered consent as a defense to the charge regarding the protective order. Nowhere in its memorandum of decision does the court mention consent as a defense. Nowhere in the transcript do we find a claim by the defendant that Frazier's consent to his presence in her home should be considered as a defense to the charge. Indeed, the defendant conceded at oral argument in this court that he did not raise consent as a defense at trial. Finally, because the defendant did not file a motion for articulation regarding the issue of consent and whether the court considered it to be a defense; see Practice Book § 66-5; we have no basis for knowing whether the court simply disregarded or failed to credit the defendant's claim that Frazier had invited him to her home. Accordingly, because the defendant's claim has no foundation in the record, it fails to satisfy the first prong of *Golding*.[2]

In addition to the defendant's request for *Golding* review, he claims that the court's failure to consider consent as a defense was plain error. "Under Practice Book § 60-5, an appellate court shall not be bound to consider a claim unless it was distinctly raised at the

---

[2] Although we do not reach the question of whether consent could be a defense to the charge of criminal violation of a protective order, nothing in this analysis should be read to suggest that this court embraces such a notion. We note, moreover, that in the criminal context, protective orders are issued not only for the protection of the alleged victims but also to promote the public peace. Indeed, many such orders are issued against the express wishes of the victims.

trial or arose subsequent to the [trial, but an appellate court] may in the interests of justice notice plain error not brought to the attention of the trial court. . . . The defendant cannot prevail under . . . [Practice Book § 60-5] however, unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice." (Citation omitted; internal quotation marks omitted.) *State* v. *Marrero*, 66 Conn. App. 709, 720, 785 A.2d 1198 (2001). "The plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Internal quotation marks omitted.) *State* v. *Martin*, 100 Conn. App. 742, 749–50, 919 A.2d 508, cert. denied, 282 Conn. 928, 926 A.2d 667 (2007).

The defendant's claim utterly fails in this regard. Other than the bald assertion of plain error, the defendant has not offered any evidence from which we could conclude that the court failed to embrace his defense of consent. We therefore will not afford plain error review to this claim. See *State* v. *Kemler*, 106 Conn. App. 359, 365, 942 A.2d 480 (court refused to consider plain error where defendant failed to adequately explain why claim merited such review), cert. denied, 286 Conn. 920, 949 A.2d 482 (2008).

## II

The defendant next claims that because he asserted a claim of self-defense in regard to the assault charge, the evidence adduced at trial was insufficient to disprove beyond a reasonable doubt that he acted in self-defense during his altercation with Frazier. We do not agree.

"In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . We note that the [finder of fact] must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense . . . ." (Internal quotation marks omitted.) *State* v. *Pauling*, 102 Conn. App. 556, 563, 925 A.2d 1200, cert. denied, 284 Conn. 924, 933 A.2d 727 (2007). Further, "[u]nder our Penal Code . . . the state has a burden of persuasion regarding a self-defense claim: it must disprove the claim beyond a reasonable doubt." (Internal quotation marks omitted.) Id., 571.

The following additional facts are relevant to our discussion. Evidence adduced at trial demonstrated that on June 8, 2006, the defendant and Frazier argued at her apartment. The defendant then left the apartment with Frazier's house keys and took a bus toward downtown New Haven. Frazier followed the bus with her car. Once the defendant exited the bus, Frazier approached him and requested that he return her keys. The defendant replied, "No, get away from me, bitch." Thereafter, the defendant knocked her down three times and hit her in the face with his elbow, splitting her lip and causing her to bleed. During the altercation, Frazier struck the defendant, but the defendant testified that her "licks don't bother me." He further testified that he thought that the entire incident was "funny." This evidence does not support the defendant's contention that he acted in self-defense.

Connecticut's self-defense statute, General Statutes § 53a-19 (a), provides in relevant part: "[A] person is

justified in using reasonable physical force upon another person to defend himself . . . from what he reasonably believes to be the use or imminent use of physical force, and he may use such degree of force which he reasonably believes to be necessary for such purpose . . . ." The state, therefore, had to prove that the defendant did not believe that Frazier was using or would imminently use physical force on him or that he did not reasonably believe that the amount of force he used was necessary to defend himself.

The evidence at trial belies the defendant's claim that he was in imminent danger of injury or that the use of force was necessary. Instead, he testified that he found the entire incident to be comical. Additionally, police officers who were called to the scene observed that Frazier had a swollen, bleeding lip, scratches, and grass and blood stains on her pants. The defendant, on the other hand, had no marks on his person. On the basis of the foregoing testimony, we conclude that the evidence was sufficient to prove beyond a reasonable doubt that the defendant did not act in self-defense.

The judgments are affirmed.

In this opinion the other judges concurred.