# IN RE GIOVANNI C. ET AL.*
## (AC 31151)

DiPentima, Harper and Borden, Js.

Argued February 17—officially released March 30, 2010

*Sam Christodlous*, for the appellant (respondent father).

*John E. Tucker*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Robert W. Lewonka*, for the minor children.

*Opinion*

PER CURIAM. The respondent, who is the father of the three children involved in this termination of parental rights case, Giovanni C., Wesley C., and Ravan, C., appeals from the judgments of the trial court terminating his parental rights as to the three children.[1] The

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

[1] The mother also appealed from the judgments terminating her rights with respect to these three children. See *In re Giovanni C.*, 120 Conn. App. 274, 991 A.2d 642 (2010).

respondent's sole claim on appeal is that the burden of persuasion by clear and convincing evidence as used in Connecticut and as applied by the trial court in this case "does not meet the requirements of the constitutional due process clause of the fourteenth amendment required by the United States constitution as set forth by the [United States] Supreme Court in *Santosky* v. *Kramer*, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982)." More specifically, the respondent contends that Connecticut's formulation of the clear and convincing evidence standard falls short of federal constitutional requirements because it does not contain language similar to that used by the United States Supreme Court in describing the standard in *Cruzan* v. *Director, Missouri Dept. of Health*, 497 U.S. 261, 110 S. Ct. 2841, 111 L. Ed. 2d 224 (1990).[2] We decline to consider this claim and, accordingly, affirm the judgments of the trial court.

The petitioner, the commissioner of children and families, brought these petitions for termination of parental rights, alleging that the children had been found in a prior proceeding to have been neglected or uncared for and that the respondent had failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time he could assume a responsible position in the lives of the children. After a full trial, the parties filed posttrial briefs. In his posttrial brief, the respondent cited applicable Connecticut precedents defining the contours of the clear and convincing evidence standard and argued that the evidence adduced did not meet that standard. He did not, however, raise the claim that the Connecticut standard for

[2] In *Cruzan* v. *Director, Missouri Dept. of Health*, supra, 497 U.S. 285 n.11, the court referred to clear and convincing evidence as "evidence which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the fact finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." (Internal quotation marks omitted.)

clear and convincing evidence did not meet federal constitutional requirements. The respondent, quoting *Dacey* v. *Connecticut Bar Assn.*, 170 Conn. 520, 537, 368 A.2d 125 (1976), instead asserted that the clear and convincing evidentiary standard, as applied in termination of parental rights cases, "is appropriate . . . provided [that] the evidence presented leads to a 'reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist.' "

Thereafter, the court issued a lengthy and detailed memorandum of decision finding that the facts alleged had been proven by clear and convincing evidence. In the course of its memorandum of decision, the court devoted one section to the standard of clear and convincing evidence. It quoted specifically from our Supreme Court's decision in *Miller* v. *Commissioner of Correction*, 242 Conn. 745, 794–95, 700 A.2d 1108 (1997): "The clear and convincing standard of proof is substantially greater than the usual civil standard of a preponderance of the evidence, but less than the highest legal standard of proof beyond a reasonable doubt. It is sustained if the evidence induces in the mind of the trier a reasonable belief that the facts asserted are *highly probably* true, that the probability that they are true or exist is *substantially greater* than the probability that they are false or do not exist. . . . *State* v. *Bonello*, 210 Conn. 51, 66, 554 A.2d 277, cert. denied, 490 U.S. 1082, 109 S. Ct. [2103, 104] L. Ed. 2d [664] (1989).

"Although we have characterized this standard of proof as a middle tier standard; *J. Frederick Scholes Agency* v. *Mitchell*, 191 Conn. 353, 358, 464 A.2d 795 (1983); and as an intermediate standard; *State* v. *Davis*, [229 Conn. 285, 293, 641 A.2d 370 (1994)]; between the ordinary civil standard of a preponderance of the evidence, or more probably than not, and the criminal

standard of proof beyond a reasonable doubt, this characterization does not mean that the clear and convincing standard is necessarily to be understood as lying equidistant between the two. Its emphasis on the *high probability* and the *substantial greatness of the probability* of the truth of the facts asserted indicates that it is a very demanding standard and should be understood as such . . . . We have stated that the clear and convincing evidence standard should operate as a weighty caution upon the minds of all judges, and it forbids relief whenever the evidence is loose, equivocal or contradictory. . . . *Lopinto* v. *Haines*, 185 Conn. 527, 539, 441 A.2d 151 (1981)." (Emphasis in original; internal quotation marks omitted.) The court also cited several other Connecticut cases that articulate the same standard: *Notopoulos* v. *Statewide Grievance Committee*, 277 Conn. 218, 226, 890 A.2d 509, cert. denied, 549 U.S. 823, 127 S. Ct. 157, 166 L. Ed. 2d 39 (2006); *In re Anthony H.*, 104 Conn. App. 744, 756, 936 A.2d 638 (2007), cert. denied, 285 Conn. 920, 943 A.2d 1100 (2008); *Eberhardt* v. *Imperial Construction Services, LLC*, 101 Conn. App. 762, 767, 923 A.2d 785, cert. denied, 284 Conn. 904, 931 A.2d 263 (2007); *Chernick* v. *Johnston*, 100 Conn. App. 276, 280, 917 A.2d 1042, cert. denied, 282 Conn. 919, 925 A.2d 1101 (2007); and *In re Cheyenne A.*, 59 Conn. App. 151, 158–59, 756 A.2d 303, cert. denied, 254 Conn. 940, 761 A.2d 759 (2000). Having determined that the evidence met this demanding standard, the court, accordingly, rendered judgments granting the petitions. The respondent did not move for reconsideration or for articulation, or in any other way bring his constitutional claim to the attention of the court. This appeal followed.

In his appellate brief, the respondent does not seek to prevail under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), which lays out the requirements for prevailing on appeal on a constitutional claim that

was not raised in the trial court. His appellate brief does not cite or mention *Golding* and does not address the requirements set forth therein.

This record makes clear, therefore, that the respondent is not entitled to raise his constitutional claim in this court. "The fact that [a respondent] has argued [that a] claim is one of constitutional magnitude does not, alone, satisfy the requirements of *Golding*. [A respondent's] failure to address the four prongs of *Golding* amounts to an inadequate briefing of the issue and results in the unpreserved claim being deemed abandoned. See [*State* v. *Barnett*, 53 Conn. App. 581, 598, 734 A.2d 991, cert. denied, 250 Conn. 918, 738 A.2d 659 (1999)]; *State* v. *Rodriguez*, 44 Conn. App. 818, 823, 692 A.2d 846, cert. denied, 242 Conn. 902, 697 A.2d 363 (1997). *State* v. *Laracuente*, 57 Conn. App. 91, 94, 749 A.2d 34, cert. denied, 253 Conn. 923, 754 A.2d 798 (2000)." (Internal quotation marks omitted.) *In re Cheyenne A.*, supra, 59 Conn. App. 160 n.5; see also *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 60, 951 A.2d 520 (2008) ("party is obligated . . . affirmatively to request review under [*Golding*]" [internal quotation marks omitted]); *State* v. *McKenzie-Adams*, 281 Conn. 486, 533 n.23, 915 A.2d 822 (party may seek to prevail on unpreserved claims under *Golding* "if the party affirmatively requests and adequately briefs his entitlement to such review"), cert. denied, 552 U.S. 888, 128 S. Ct. 248, 169 L. Ed. 2d 148 (2007). Indeed, a comparison of the respondent's posttrial brief in the trial court and his brief in this court makes clear that, by quoting the language from *Dacey* v. *Connecticut Bar Assn.*, supra, 170 Conn. 537, that we have quoted previously, the respondent specifically relied in the trial court on the formulation for the clear and convincing evidence standard that he claims in this court is constitutionally deficient. An appellant may not seek to prevail under

*Golding* on a claim of trial court error that he specifically asked the trial court to adopt. See, e.g., *State* v. *Coward*, 292 Conn. 296, 305–306, 972 A.2d 691 (2009); *State* v. *Brunetti*, 279 Conn. 39, 59 n.32, 901 A.2d 1 (2006), cert. denied, 549 U.S. 1212, 127 S. Ct. 1328, 167 L. Ed. 2d 85 (2007); *State* v. *Cruz*, 269 Conn. 97, 106, 848 A.2d 445 (2004). We therefore decline to address the respondent's claim.

The judgments are affirmed.