IN RE GIOVANNI C. ET AL.*
(AC 31150)

DiPentima, Harper and Borden, Js.

Argued February 17—officially released March 30, 2010

*Chris Oakley*, for the appellant (respondent mother).

*John E. Tucker*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

general, and *Susan T. Pearlman,* assistant attorney general, for the appellee (petitioner).

*Robert W. Lewonka,* for the minor children.

*Opinion*

PER CURIAM. The respondent mother appeals from the judgments of the trial court terminating her parental rights with respect to three of her minor children.[1] On appeal, the respondent challenges the court's findings, made pursuant to General Statutes § 17a-112, that (1) she failed to achieve the requisite degree of personal rehabilitation and (2) the petitioner, the commissioner of children and families, had made reasonable efforts at reunification. She further claims that the court made improper evidentiary rulings and drew an improper adverse inference. Finally, the respondent claims that the court improperly considered her religious beliefs and that the petitioner violated her first amendment right to raise her children in her own religion. We affirm the judgments of the trial court.

Section 17a-112 (j) provides in relevant part that a court may grant a petition for termination of parental rights only if it finds by clear and convincing evidence that the department of children and families has made reasonable efforts of reunification or that the respondent is unable or unwilling to benefit from such efforts and that one of seven statutory grounds for termination exists. See General Statutes § 17a-112 (k). The standard of our review of a termination of parental rights judgment is well settled. We review the court's findings to determine if they are clearly erroneous. *In re Jorden R.,* 293 Conn. 539, 558, 979 A.2d 469 (2009).

---

[1] The father also appealed from the judgments terminating his rights with respect to these three children. See *In re Giovanni C.,* 120 Conn. App. 277, 991 A.2d 638 (2010).

Our standard of review as to the evidentiary rulings is similarly well settled. "Unless an evidentiary ruling involves a clear misconception of the law, the [t]rial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling . . . ." (Internal quotation marks omitted.) Id., 566.

We have examined the record and briefs and have considered the arguments of the parties. The thorough and well reasoned memorandum of decision sets forth detailed findings of fact that find support in the record and are neither clearly erroneous nor contrary to the law. See id., 558–59. The challenged evidentiary rulings were within the proper exercise of the court's discretion. As to the constitutional claim, we conclude that the record is inadequate for a review on the merits.[2]

The judgments are affirmed.

---

[2] This constitutional claim was not raised before the trial court, and the respondent seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Under *Golding*, a party "can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the [respondent] of a fair trial; and (4) if subject to harmless error analysis, the [petitioner] has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id. In the present case, however, the respondent's claim fails under the first prong of *Golding* because the record is inadequate for review. "The [respondent] bears the responsibility for providing a record that is adequate for review of his claim of constitutional error. If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the [respondent's] claim." (Internal quotation marks omitted.) *State* v. *Riggsbee*, 112 Conn. App. 787, 791–92, 963 A.2d 1122 (2009).