IN RE JOHNSON R. ET AL.*

(AC 31028)

Bishop, Gruendel and Schaller, Js.

Argued March 8—officially released June 1, 2010

*David J. Reich*, for the appellant (respondent father).

*Colleen B. Valentine*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Sam Christodlous*, for the minor children.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Deborah T. Vilcheck,* guardian ad litem for the minor children.

PER CURIAM. The respondent father appeals from the judgments of the trial court rendered in favor of the petitioner, the commissioner of children and families, terminating his parental rights with respect to his minor children, J, A and M.[1] On appeal, the respondent claims that the court (1) improperly found that it would be in the best interests of the children to terminate his parental rights and (2) violated his procedural due process rights when it failed to require the department of children and families (the department) to include his guardian ad litem in the reunification process. We affirm the judgments of the trial court.

I

The respondent's first claim is that the court improperly found that it would be in the best interests of the children to terminate his parental rights. Specifically, the respondent argues that during the dispositional phase of the trial, the court improperly applied the statutory factors set forth in General Statutes § 17a-112 (k) in determining that it was in the children's best interests to terminate his parental rights. We disagree.

"A hearing on a petition to terminate parental rights consists of two phases, adjudication and disposition. . . . In the adjudicatory phase, the trial court determines whether one of the statutory grounds for termination of parental rights [under § 17a-112 (j)] exists by clear and convincing evidence. If the trial court determines that a statutory ground for termination exists, it

---

[1] The court terminated the parental rights of the children's mother in the same proceeding. She has not appealed from those judgments of termination. We therefore refer to the respondent father as the respondent in this opinion.

proceeds to the dispositional phase." (Internal quotation marks omitted.) *In re Keyashia C.*, 120 Conn. App. 452, 455, 991 A.2d 1113 (2010). "In the dispositional phase of a termination of parental rights hearing, the trial court must determine whether it is established by clear and convincing evidence that the continuation of the respondent's parental rights is not in the best interest of the child. In arriving at this decision, the court is mandated to consider and make written findings regarding seven factors delineated in [§ 17a-112 (k)]. . . . [Once] the court finds that the petitioner has proven by clear and convincing evidence that one of the statutory grounds for termination of parental rights exists, it must then determine whether termination is in the best interests of the child. . . . The best interests of the child include the child's interests in sustained growth, development, well-being and continuity and stability of its environment. . . .

"Pursuant to § 17a-112 (k), the statutory factors used to determine whether termination is in the child's best interest include: (1) The timeliness, nature and extent of services offered . . . (2) whether the [d]epartment . . . has made reasonable efforts to reunite the family . . . (3) the terms of any applicable court order entered into . . . and the extent to which all parties have fulfilled their obligations under such order; (4) the feelings and emotional ties of the child with respect to the child's parents . . . and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties; (5) the age of the child; (6) the efforts the parent has made to adjust such parent's circumstances, conduct, or conditions to make it in the best interest of the child to return such child home in the foreseeable future . . . and (7) the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct

of the other parent of the child . . . or by the economic circumstances of the parent." (Citations omitted; internal quotation marks omitted.) *In re Tremaine C.*, 117 Conn. App. 590, 600–601, 980 A.2d 330, cert. denied, 294 Conn. 920, 984 A.2d 69 (2009).

"Our standard of review on appeal from a termination of parental rights is limited to whether the challenged findings are clearly erroneous. . . . A finding is clearly erroneous when either there is no evidence in the record to support it, or the reviewing court is left with the definite and firm conviction that a mistake has been made. . . . [G]reat weight is given to the judgment of the trial court because of [the trial court's] opportunity to observe the parties and the evidence. . . . [An appellate court does] not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. . . . [Rather] every reasonable presumption is made in favor of the trial court's ruling." (Internal quotation marks omitted.) *In re Sole S.*, 119 Conn. App. 187, 191, 986 A.2d 351 (2010).

We have examined the record and briefs and have considered the arguments of the parties. The thorough and well reasoned memorandum of decision sets forth detailed findings of fact that find support in the record and are neither clearly erroneous nor contrary to the law. The court, in granting the petitions to terminate the respondent's parental rights, properly considered the statutory factors set forth in § 17a-112 (k). Therefore, it was not clearly erroneous for the court to have found that it was in the best interests of the children to terminate the parental rights of the respondent.

II

The respondent next claims that the court violated his procedural due process rights when it failed to require the department to include his guardian ad litem in the reunification process. Essentially, the respondent

is arguing that the court, sua sponte, should have ordered the department to "engage" the respondent's guardian ad litem during the reunification process. We conclude that the record is inadequate to review the merits of this claim.

Because the respondent did not preserve his claim at trial, he requests review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Under *Golding*, a party "can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the [respondent] of a fair trial; and (4) if subject to harmless error analysis, the [petitioner] has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id.

In the present case, the respondent's claim fails under the first prong of *Golding* because the record is inadequate for review. The court's memorandum of decision states that the respondent on June 19, 2008, was found incompetent and not restorable to competency.[2] The

---

[2] We note that "[i]n the termination setting, only General Statutes § 45a-708 (a) addresses the competency issue. That provision requires that a guardian ad litem be appointed for a parent who 'appears' to be a minor or incompetent. The plain language of § 45a-708 (a) does not provide for an evidentiary hearing, nor does it require any particular measures beyond appointment of a guardian to protect the rights of an incompetent person facing the termination of parental rights." *In re Alexander V.*, 223 Conn. 557, 562, 613 A.2d 780 (1992).

"By definition, a mentally incompetent person is one who is unable to understand the nature of the termination proceeding and unable to assist in the presentation of his or her case." Id., 563. "[D]ue process does not require a competency hearing in all termination cases but only when (1) the parent's attorney requests such a hearing, or (2) in the absence of such a request, the conduct of the parent reasonably suggests to the court, in the exercise of its discretion, the desirability of ordering such a hearing sua sponte. In either case, the standard for the court to employ is whether the

respondent has failed to provide this court with any transcripts, exhibits, memorandum of decision or motion for articulation from such hearing. "The [respondent] bears the responsibility for providing a record that is adequate for review of his claim of constitutional error. If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the [respondent's] claim." (Internal quotation marks omitted.) *In re Giovanni C.*, 120 Conn. App. 274, 276 n.2, 991 A.2d 642 (2010).

Accordingly, we do not have any basis for evaluating whether due process required the court, sua sponte, to order the department to work with the respondent's guardian ad litem during the reunification process. See *In re Jessica B.*, 50 Conn. App. 554, 575, 718 A.2d 997 (1998) ("[o]nce the trial court was persuaded, on the basis of the testimony of the court-appointed psychiatrist, that the respondent was in fact incompetent, it was in a position to determine the most appropriate and beneficial course of action to meet the requirements of due process").

The judgments are affirmed.

record before the court contains specific factual allegations that, if true, would constitute substantial evidence of mental impairment. . . . Evidence is substantial if it raises a reasonable doubt about the [parent's] competency . . . ." (Citations omitted; internal quotation marks omitted.) Id., 566.