IN RE JOHNSON R.*

IN RE ARMIN R.

IN RE MAX R.
(SC 18638)

Rogers, C. J., and Palmer, Zarella, McLachlan, Eveleigh and Vertefeuille, Js.

Argued February 8—officially released April 5, 2011

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*David J. Reich*, for the appellant (respondent father).

*Colleen Valentine*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, former attorney general, and *Benjamin Zivyon* and *John Tucker*, assistant attorneys general, for the appellee (petitioner).

*Opinion*

PER CURIAM. This certified appeal is limited to the following issues: (1) whether the Appellate Court properly determined that the record is inadequate for review of the respondent father's[1] claim that his due process rights were not adequately protected in the termination of parental rights proceeding because he had been declared incompetent; and if not, (2) whether the trial court sufficiently ensured that his due process rights were protected. *In re Johnson R.*, 297 Conn. 925, 998 A.2d 168 (2010). The respondent appeals from the decision of the Appellate Court affirming the trial court's judgments terminating his parental rights with respect

---

[1] The court terminated the parental rights of the respondent mother in the same proceeding, but she did not appeal from the judgments of termination, and she subsequently died. Accordingly, all references to the respondent in this opinion are to the father.

to his three minor children, Johnson R., Armin R. and Max R. (children).

On November 21, 2006, the children were adjudicated neglected and committed to the care, custody and guardianship of the petitioner, the commissioner of children and families (commissioner).[2] On April 3, 2008, the trial court granted the respondent's motion for a competency evaluation, and on June 19, 2008, the court found the respondent neither competent nor restorable to competency and appointed a guardian ad litem for him. On July 3, 2008, pursuant to General Statutes § 17a-112 (j) (3) (B), the commissioner filed petitions to terminate the parental rights of the respondent as to the children. After trial, the trial court issued a memorandum of decision finding that the children previously had been adjudicated neglected and committed to the care, custody and guardianship of the commissioner, and that the respondent had "failed . . . to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable period of time, considering the ages and needs of [the children] . . . [he] could assume a responsible position in [the lives of the children] . . . ." The trial court, therefore, terminated his parental rights as to the children.

The respondent appealed from the judgments of the trial court to the Appellate Court, claiming that the trial court: (1) improperly had found that it was in the best interests of the children to terminate his parental rights; and (2) had violated his procedural due process rights when it failed to require the department of children

---

[2] The respondent is the father of five children. The oldest son, Luis R., was also adjudicated neglected and committed to the care, custody and guardianship of the commissioner in the same proceeding. On September 20, 2007, however, his commitment was revoked because he was over the age of sixteen and refused the services of the department of children and families. In addition, the respondent has a daughter who is not the subject of this case.

and families to include his guardian ad litem in the reunification process. *In re Johnson R.*, 121 Conn. App. 464, 465, 994 A.2d 739 (2010). With regard to the first claim, the Appellate Court concluded that the record adequately supported the trial court's findings, which were neither clearly erroneous nor contrary to the law. Id., 467. With regard to the second claim, the Appellate Court determined that the record was inadequate for review. Id., 468. The respondent had not raised his due process claim at trial, and, accordingly, sought review under *State* v. *Golding*, 213 Conn. 233, 239, 567 A.2d 823 (1989), the first prong of which requires that "the record [be] adequate to review the alleged claim of error . . . ." *In re Johnson R.*, supra, 468. Because the respondent had failed to provide the Appellate Court with any transcripts, exhibits, memorandum of decision or motion for articulation from the competency hearing; id., 468–69; the Appellate Court affirmed the judgments of the trial court. Id., 469.

We thereafter granted the respondent's petition for certification to appeal. *In re Johnson R.*, supra, 297 Conn. 925. After examining the record and briefs and considering the arguments of the parties, we are persuaded that the judgment of the Appellate Court should be affirmed on the first certified issue. Given our conclusion on the first certified issue that the record is inadequate for review of the due process claim, we need not reach the second certified issue addressing the merits of that claim. The Appellate Court properly concluded that the respondent's due process claim failed under the first prong of *Golding* because the record was inadequate for review. It would serve no useful purpose for us to repeat the discussion contained therein. See *State* v. *Robinson*, 290 Conn. 381, 384, 963 A.2d 59 (2009); *In re Jessica B.*, 50 Conn. App. 554, 575, 718 A.2d 997 (1998).

The judgment of the Appellate Court is affirmed.