# BILLY JACKSON *v.* COMMISSIONER OF CORRECTION
## (AC 31996)

Gruendel, Beach and Pellegrino, Js.

Argued March 8—officially released June 7, 2011

*Rosemarie T. Weber,* special public defender, for the appellant (petitioner).

*Linda Currie-Zeffiro*, assistant state's attorney, for the appellee (respondent).

*Opinion*

BEACH, J. The petitioner, Billy Jackson, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion by denying his petition for certification to appeal and that it erroneously rejected his claim that his trial counsel rendered ineffective assistance. The petitioner specifically claims that his trial counsel was ineffective in failing to object to the court's instruction to the jury on self-defense because the instruction contradicted and undermined his defense of actual innocence that was argued throughout trial. We disagree and, accordingly, dismiss the petitioner's appeal.

The facts underlying the petitioner's conviction were set out in *State* v. *Jackson*, 95 Conn. App. 400, 896 A.2d 137, cert. denied, 279 Conn. 904, 901 A.2d 1226 (2006). "On the evening of September 21, 2002, the [petitioner] was at an establishment in Bridgeport called the Small Games Club (club). The victim, Terry Mooney, and his friend, Troy Robinson, were also at the club. Sometime during the course of the evening, the victim was carrying some drinks from the bar to rejoin his friends when he bumped into the [petitioner]. The club's bouncer noticed the incident and, later, when he heard the victim and the [petitioner] arguing in the bathroom, escorted the [petitioner] out of the club. The [petitioner] remained outside the club. When the bar closed, the victim went outside to meet Robinson. The victim overheard the [petitioner], who was still outside the club, talking about him. The victim approached the [petitioner], whereupon an argument began. The victim saw the [petitioner] reach into his pants and, thinking that

the [petitioner] was going to pull out a gun, punched the [petitioner]. A fight developed between the two men, during which the victim was shot in the right thigh. The [petitioner] then got up and shot Robinson. Robinson and the victim struggled with the [petitioner]. The [petitioner] fired again, and the bullet struck the victim in his right shoulder. At some point, it became apparent that the gun was no longer operable, whereupon the victim and Robinson left." Id., 403.

A jury found the petitioner guilty of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a (a), assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit assault in the first degree in violation of §§ 53a-49 and 53a-59 (a) (5), and criminal possession of a firearm in violation of General Statutes § 53a-217 (a). Id., 402. The court sentenced the petitioner to a total effective term of twenty years imprisonment. Id., 403. The petitioner appealed to this court from the judgment of conviction, which we affirmed in State v. Jackson, supra, 95 Conn. App. 400.

On May 30, 2008, the petitioner filed an amended petition for a writ of habeas corpus alleging that he was denied effective assistance of trial counsel.[1] A habeas trial was held on January 22, 2010. The petitioner testified that his defense during his criminal trial was that he was not the shooter; rather, he contended that Robinson accidentally shot the victim during the altercation. The petitioner further testified that he had informed his trial counsel that he did not want the court to instruct the jury on self-defense because he thought it would undermine his claim of actual innocence. The petitioner's trial counsel testified that the court raised

[1] The amended petition also alleged that the petitioner was denied effective assistance of appellate counsel. At the habeas trial, however, the petitioner withdrew this claim.

the issue of self-defense sua sponte and that, based on the evidence presented at trial, he thought that there was sufficient evidence to provide for an instruction on self-defense. The petitioner's trial counsel further testified that he believed that allowing the court to instruct the jury on self-defense was tactically sound because if the jury did not believe the petitioner's primary defense of actual innocence, it afforded the petitioner an extra defense that the state had the burden of disproving.[2]

The court issued an oral decision denying the petition for habeas corpus, concluding that there was "no problem with presenting inconsistent and alternative theories of defense. . . . The fact that [trial counsel] did not object to a self-defense instruction is a good trial strategy because . . . it gave the jury an alternative theory if they believed the state's evidence to acquit [the petitioner]. . . . I cannot find that the decision to . . . not object to the self-defense instruction was deficient performance." The petitioner subsequently filed a petition for certification to appeal, which the habeas court denied on February 5, 2010. This appeal followed.

"The standard of review and legal principles that govern the resolution of the petitioner's appeal are well settled. In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the

---

[2] "[U]nder our Penal Code . . . the state has a burden of persuasion regarding a self-defense claim: it must disprove the claim beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Riggsbee*, 112 Conn. App. 787, 794, 963 A.2d 1122 (2009).

dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Petty* v. *Commissioner of Correction*, 125 Conn. App. 185, 187, 7 A.3d 411 (2010), cert. denied, 300 Conn. 903, 12 A.3d 573 (2011). "In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Internal quotation marks omitted.) *Ankerman* v. *Commissioner of Correction*, 122 Conn. App. 246, 250, 999 A.2d 789, cert. denied, 298 Conn. 922, 4 A.3d 1225 (2010).

"To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Morant* v. *Commissioner of Correction*, 117 Conn. App. 279, 301, 979 A.2d 507, cert. denied, 294 Conn. 906, 982 A.2d 1080 (2009), citing *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Furthermore, [i]n a habeas corpus proceeding, the petitioner's

burden of proving that a fundamental unfairness had been done is not met by speculation . . . *but by demonstrable realities.*" (Emphasis in original; internal quotation marks omitted.) *Griffin* v. *Commissioner of Correction,* 119 Conn. App. 239, 242, 987 A.2d 1037, cert. denied, 295 Conn. 912, 989 A.2d 1074 (2010). "Because the petitioner must satisfy *both* prongs of the *Strickland* test to prevail on a habeas corpus petition, this court may dispose of the petitioner's claim if he fails to meet either prong." (Emphasis in original; internal quotation marks omitted.) *Gonzalez* v. *Commissioner of Correction,* 124 Conn. App. 740, 744, 6 A.3d 152 (2010).

After a careful review of the record, we conclude that the court properly determined that the petitioner's trial counsel acted reasonably. Here, the petitioner has failed to satisfy the first prong of *Strickland.* The habeas court found that trial counsel's decision to allow the trial court to instruct the jury on self-defense was "good trial strategy" and that there is "no problem with presenting inconsistent and alternative theories of defense." Such a conclusion is consistent with our case law. *State* v. *Nathan J.,* 294 Conn. 243, 262, 982 A.2d 1067 (2009) ("it is axiomatic that a defendant may present inconsistent defenses to the jury"); *State* v. *Person,* 236 Conn. 342, 349, 673 A.2d 463 (1996) ("[t]he fact that one defense is on the theory that [the] accused did not commit the offense . . . does not deprive him of the right to avail himself of other defenses" [internal quotation marks omitted]).[3] Additionally, it is well established

---

[3] We note that the petitioner's trial counsel devoted almost all of his closing argument to the proposition that the petitioner was not the shooter. At the very conclusion, when notified that he almost was out of time, trial counsel stated: "And also consider His Honor's instruction on self-defense. That creates an additional burden. Can I just mention that, Your Honor?" After a brief exchange with the court, trial counsel concluded: "My client didn't do what was testified to that night. He deserves a verdict of not guilty as to all charges. Thank you very much."

that "[t]he decision of a trial lawyer not to make an objection is a matter of trial tactics, not evidence of incompetency." (Internal quotation marks omitted.) *Levine* v. *Manson*, 195 Conn. 636, 648, 490 A.2d 82 (1985). Therefore, trial counsel's decision to not object to the court's instruction to the jury on self-defense did not constitute deficient performance and, thus, the petitioner's claim fails under the first prong of *Strickland*.

The petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. The court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.